Cobblestone Holdings LLC v 41 Fifth Owners Corp. (2025 NY Slip Op 02407)

Cobblestone Holdings LLC v 41 Fifth Owners Corp.

2025 NY Slip Op 02407

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2024

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 162367/23|Appeal No. 4163|Case No. 2024-05804|

[*1]Cobblestone Holdings LLC, Plaintiff-Respondent,
v
41 Fifth Owners Corp., Defendant-Appellant.

The Grun Law Group, P.C., New York (Howard Grun of counsel), for appellant.
Meyer Suozzi English & Klein, P.C., Mineola (Kevin Schlosser of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about September 4, 2024, which, to the extent appealed from, denied defendant's motion to dismiss the complaint, unanimously dismissed, without costs, as moot.
The second amended complaint (SAC), filed after the denial of defendant's motion to dismiss the original complaint, renders defendant's appeal moot, as the SAC substantively altered the existing cause of action (see Aetna Life Ins. Co. v Appalachian Asset Mgt. Corp., 110 AD3d 32, 39 [1st Dept 2013]; see also 100 Hudson Tenants Corp. v Laber, 98 AD2d 692, 692 [1st Dept 1983]).
Although the SAC has not been submitted to this Court, we may take judicial notice of it in determining whether this appeal is moot (see Federated Project & Trade Fin. Core Fund v Amerra Agri Fund, LP, 106 AD3d 467 [1st Dept 2013]). The SAC omits four claims asserted in the original complaint while adding causes of actions for breach of contract, breach of the covenant of good faith and fair dealing, and violation of Real Property Law § 235-c.
The only similar claim remaining from the original complaint is that for a declaratory judgment, and it differs substantively in the SAC. In the original complaint, plaintiff sought a declaration that defendant was "barred from terminating the Lease based upon failure to pay rent or additional rent," while in the SAC, it seeks a declaration that it is not required to pay the disputed amounts demanded by defendant. Both complaints allege that defendant has improperly used percentages set forth in the lease to calculate plaintiff's obligation for increased maintenance charges, rather than calculating the actual square footage, but the SAC, in addition, alleges that defendant has not provided documents to substantiate the amounts demanded for increased maintenance charges.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2024